UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

OMAR GUTIERREZ,
and other similarly
situated individuals,

    Plaintiff(s),

v.

DEBLEX LLC,

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff OMAR GUTIERREZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant DEBLEX LLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff OMAR GUTIERREZ is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DEBLEX LLC (from now on DEBLEX, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

5. This cause of action is brought by Plaintiff OMAR GUTIERREZ as a collective action to recover from Defendant half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

6. Defendant DEBLEX was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a shipping company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

7. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for

commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

8. Defendant DEBLEX employed Plaintiff OMAR GUTIERREZ as a non-exempted, full-time warehouse employee from approximately July 15, 2022, to June 2, 2023, or 46 weeks.

9. During the relevant period, Plaintiff performed as a warehouse employee, and he was paid an hourly rate of $15.20. Plaintiff's overtime rate should be $22.80.

10. While employed by Defendant, Plaintiff worked regularly five days per week. From Monday to Friday an average of 40 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime (30 minutes x 5 days= 2.5 hours).

11. However, in high season, which totaled approximately 12 weeks, Plaintiff worked an average of 57.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime.

12. Plaintiff was paid for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law.

13. Plaintiff clocked in and out, and Defendant was in absolute control of Plaintiff's schedule and activities. Defendant knew the hours that Plaintiff and other similarly situated individuals were working.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

15. Plaintiff was paid by direct deposits, and paystubs that did not provide accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

16. Plaintiff was fired on or about June 2, 2023, due to an injury suffered at the workplace and related workers' compensation issues.

17. Plaintiff OMAR GUTIERREZ seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

20. This action is intended to include every warehouse employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<b>COUNT I:<br>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;<br>FAILURE TO PAY OVERTIME</b>

21. Plaintiff OMAR GUTIERREZ re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff OMAR GUTIERREZ brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked

more than forty (40) hours during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

23. Defendant DEBLEX employed Plaintiff OMAR GUTIERREZ as a non-exempted, full-time warehouse employee from approximately July 15, 2022, to June 2, 2023, or 46 weeks.

24. During the relevant period, Plaintiff performed as a warehouse employee, and he was paid an hourly rate of $15.20. Plaintiff's overtime rate should be $22.80.

25. While employed by Defendant, Plaintiff worked regularly five days per week, an average of 40 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime (30 minutes x 5 days= 2.5 hours).

26. However, in high season, which totaled approximately 12 weeks, Plaintiff worked an average of 57.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime.

27. Plaintiff was paid for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law.

28. Plaintiff clocked in and out, and Defendant was in absolute control of Plaintiff's schedule and activities. Defendant knew the hours that Plaintiff and other similarly situated individuals were working.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

30. Plaintiff was paid by direct deposits and paystubs that did not provide accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

33. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Five Hundred Ninety-Six Dollars and 00/100 ($1,596.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 46 weeks
    Relevant weeks of employment: 12 weeks (high season)
    Total number of hours worked: 57.5 hours
    Total number of unpaid O/T hours: 17.5 O/T hours
    Hourly rate: $15.20 x 1.5=$22.80 O/T rate
    O/T rate: $22.80-$15.20 O/T rate paid=$7.60 O/T difference
    Half-time: $7.60 an O/T hour

    Half-time $7.60 x 17.5 O/T hours=$133.00 weekly x 12 weeks=$1,596.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

  This amount represents unpaid half-time overtime wages.[1]

34. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

35. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendant DEBLEX willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff OMAR GUTIERREZ and those similarly situated respectfully request that this Honorable Court:

  A. Enter judgment for Plaintiff OMAR GUTIERREZ and other similarly situated individuals and against Defendant DEBLEX based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

B. Award Plaintiff OMAR GUTIERREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff OMAR GUTIERREZ demands a trial by a jury of all issues triable as of right by a jury.

Date:  June 30, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*